FILED
MAR 22 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Lloyd Preston Lister and<br>Linda Lister,<br><br>    Debtors. | Case No. 08-13738-B-7 |
| Beth Maxwell Stratton, Chapter 7<br>Trustee of the Estate of Lloyd<br>and Linda Lister,<br><br>    Plaintiff,<br><br>v.<br><br>Lowell Elmer Lister and Wilma<br>Kay Chapman,<br><br>    Defendants. | Adversary Proc. Number 09-1140<br><br>DC No. BMS-1 |

**MEMORANDUM DECISION REGARDING PLAINTIFF'S MOTION TO COMPEL PAYMENT OF DISCOVERY EXPENSES**

This disposition is not appropriate for publication. Although it may cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Beth Maxwell Stratton, Esq., appeared in her capacity as the chapter 7 trustee (the "Plaintiff").

Scott Lyons, Esq., appeared on behalf of the defendants Lowell Elmer Lister and Wilma Kay Chapman (the "Defendants").

Before the court is a discovery dispute arising out of a contentious adversary proceeding. Plaintiff filed this adversary proceeding to avoid a fraudulent transfer and for the return of real property or its value. Lloyd Preston Lister (the "Debtor") allegedly transferred real property to the Defendants, his brother and sister, for less than reasonably equivalent value. The Plaintiff filed this motion on February 2, 2010, to compel the Defendants to respond to some of her discovery requests (the "Discovery Motion"). Prior to the hearing, on February 22, 2010, the Defendants produced documents in response to the Plaintiff's discovery requests. Under submission is Plaintiff's request for an order compelling payment of her reasonable expenses (the "Expense Request"), *i.e.*, an award of attorney's fees and costs incurred in having to bring the Discovery Motion. For the reasons set forth below, the Expense Request will be granted.

This Memorandum Decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052).[1] The court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background.**

Prior to the bankruptcy, the Debtor owned a residential duplex located at 3481 Orange Drive, Oxnard, California (the "Subject Property"). Presently, the Defendants are the record title owners of the Subject Property. The Plaintiff alleges that, on or about May 27, 2009, the Debtor transferred his ownership interest in the

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

Subject Property to Defendants, without consideration, and that the fair market value of the Subject Property at the time was at least $300,000. The Plaintiff filed this adversary proceeding on June 26, 2009, and seeks to avoid the transfer and recover from the Defendants the Subject Property or its value.

According to the Plaintiff's declaration under penalty of perjury, and from the record, it appears that on October 13, 2009, the Plaintiff served a Notice of Deposition and Demand for Production of Documents on the defendant Lowell Elmer Lister ("Lowell"). The deposition was scheduled for November 17, 2009. The Plaintiff and the counsel for the Defendants, Scott Lyons, Esq. ("Lyons") appeared at that time and Lyons explained that he failed to give his client notice of the deposition, and therefore, he would not appear. No documents were produced.

Plaintiff's office staff contacted Lyons to obtain a continued deposition date of December 7, 2009. On November 18, 2009, Plaintiff mailed a confirming letter with the new deposition dates and a reminder that documents were requested and should be produced. Prior to that date, Lyons' office staff telephoned Plaintiff to advise her that Lowell could not appear on December 7. Plaintiff agreed to continue the deposition to January 13, 2010, on the condition that the documents requested were produced by December 11, 2009. Lyons subsequently, on December 10, 2009, executed a declaration and filed with the court confirming this agreement. The Plaintiff did not receive any documents by December 11, 2009, or any date prior to the scheduled deposition January 13, 2010.

Lowell appeared for his deposition on that date but no documents were produced. During the deposition, Lowell testified that he did possess documents which were responsive to the document request. Lyons stated that Lowell's wife would fax the documents to his office, and that he would send them directly to Plaintiff. As of the date of filing the Discovery Motion, however, Plaintiff had not received any documents. On February 2, 2010, the Plaintiff filed the Discovery Motion. Subsequently, on February 22, 2010, Lyons caused the documents to be

delivered to the Plaintiff.

The Plaintiff requests an award of $1,000 (4 hours x $250 per hour) for time spent preparing the Discovery Motion and appearing at the initial hearing. The Defendant objects to the Expense Request and argues that Plaintiff has failed to satisfy the "meet and confer" certification requirement of Rule 7037. Notably, Lyons does not deny that the Plaintiff, in good faith, did meet and confer, but merely denies the adequacy of the Plaintiff's certification to that effect. In addition, Lyons contends that the failure to produce the documents was not wilful or intentional but was inadvertent and excusable.

**Analysis.**

**Applicable Law.**

Discovery in an adversary proceeding is governed by the Federal Rules of Civil Procedure. FRCP 37(a) (made applicable to this adversary proceeding by FRBP 7037), provides for a monetary award of legal fees and costs to a party who must file a motion to compel disclosure or discovery, and is successful. Fed.R.Civ.P. 37(a)(5)(A) provides in pertinent part:

> If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

The rule specifically provides that the motion to compel must include a certification "that the movant has in good faith conferred or attempted to confer with the person . . . failing to make . . . discovery in an effort to obtain it without court action." *Id.* As the court noted in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D.Nev.1996), there are two components to a facially

4

valid motion to compel. First, the performance, in good faith, of the conference, or attempt to so confer, and, second, the actual certification documenting that performance. The rule does not specify what must be included in the movant's certification, but generally parties must "adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. Among other facts, the names of the parties, dates, times, manner of communication, the dispute at issue, and results, if any, are required. *Id.* Here, the Plaintiff's declaration, under penalty of perjury, submitted with the Discovery Motion satisfactorily detailed the Plaintiff's efforts to resolve this discovery dispute by informal means before filing a motion with the court–the precise purpose of the certification requirement added to subparagraph (a)(2)(B) of Fed.R.Civ.P. 37. *Id.* Plaintiff's declaration sets forth all of the relevant information as to the dispute, with whom she communicated, when and how she communicated, and with what results.

These same facts show that Lowell's actions were not substantially justified and that there were no circumstances that would make an award of expenses unjust. The rule requires that reasonable attorney's fees be awarded, unless "the opposing party's nondisclosure . . . was substantially justified, or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). In most cases, the court considers whether the excuse offered for refusing to comply with a discovery request was justified. In this case, Lowell's counsel states, "The failure to produce the documents was not wilful or intentional but inadvertent and excusable." "Excusable neglect" is not "substantial justification" and Lyons' "excusable neglect" does not justify shifting, to the Plaintiff, the expenses which were necessarily incurred as a result of that neglect.

The Discovery Motion was successful. The fact that the Defendant produced the documents after the Discovery Motion was filed does not vitiate the expense

issue. Rule 37(a)(5)(A) states that fees and costs *shall* be awarded, even if the discovery is produced after the Discovery Motion was filed. The pertinent question is whether the Discovery Motion was necessary and whether the moving party made a good faith effort to get the discovery without court intervention. The court is persuaded that Lowell's continued failure to produce the documents pursuant to the discovery request necessitated the Discovery Motion. The court is also persuaded that Plaintiff made a good faith effort to obtain the discovery responses without court action. Expenses may be awarded against either a party or their attorney, and Lyons has stated that the failure to respond to discovery requests was his alone. Ergo, the Expense Request will be granted and awarded against Defendants' counsel.

Dated: March 22, 2010

W. Richard Lee
United States Bankruptcy Judge